STALEY v. ALBRO et al.

(Supreme Court, Appellate Division, Third Department.    March 6, 1912.)

JUDGMENT (§ 250*)—CONFORMITY TO PLEADING—GROUND OF ACTION—UNNEC-
   ESSARY ALLEGATIONS.
      Where an agreement under which plaintiff quitclaimed certain property
   to her mother, who promised that it should belong to plaintiff on the
   mother's death, was pleaded and proved on the trial without objection,
   relief against a sale by the mother should not be denied, merely because
   the complaint incorrectly characterized the promises of the mother as
   false and fraudulent.
      [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 436; Dec. Dig.
   § 250.*]
      Houghton, J., dissenting.

Appeal from Trial Term, Fulton County.
Action by Grace P. Staley against Mary M. Albro and others.
From a judgment dismissing the complaint on the merits, after a trial
by the court, plaintiff appeals. Reversed, and new trial ordered.
Argued before SMITH, P. J., and KELLOGG, HOUGHTON, and
BETTS, JJ.

Wood & Maider (Frank G. Wood, of counsel), for appellant.
Frank Talbot, for respondents.

JOHN M. KELLOGG, J.   The evidence showed that Millard T.
Filmer died intestate, leaving a personal estate of about $18,500 and
a house and lot of the value of about $2,500, leaving him surviving
the plaintiff, his daughter and only heir at law, and the defendant
Mary M. Albro, her mother, his widow.   The plaintiff was a mar-
ried woman, not living with her husband.   After the distribution of
the personal estate the defendant Albro stated to her daughter that,
if anything should happen to the plaintiff, the husband would make
her trouble about the property.   After conferring over the matter
between themselves and with their attorney, it was agreed that the
daughter should quitclaim the house and lot to the mother, each
should make a will in favor of the other, the house and lot should
be used as a home for both of them, should not be sold by the mother,
and upon the mother's death should belong to the daughter.   There-
after the plaintiff obtained a divorce from her husband and remar-
ried, and the mother remarried and began to threaten to sell the
house and lot, and did in fact sell the same to the defendant Baird,
who had knowledge of the facts.   The plaintiff brought this action
to divest Baird and the mother of the title to the house and lot, and
to have the title adjudged in her and not subject to sale by the
mother, and was defeated; the court finding that there was no fraud,
misrepresentation, or deceit in the transaction, and that the action in
its present form could not be maintained.
The complaint alleged the relation of the parties to each other and
to the property, and that the mother, with intent to cheat and defraud
the plaintiff, and to obtain from her the possession of the real prop-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

erty, and to induce her to sign the deed, falsely and fraudulently stated that she desired to be insured the enjoyment of the property as a home during her lifetime, and requested the plaintiff to turn over the property to her, so that she could feel secure that she would not be deprived of the use of it, and to induce the plaintiff to turn it over to her made the following representations and entered into the following promises and agreements with the plaintiff: That if the plaintiff would turn the property over to her she would never sell it or transfer it, but that the conveyance should be deemed to transfer only the right to use and enjoy the property as a home during her lifetime. That it was agreed that the plaintiff was also to have the occupancy and use and enjoyment of the premises jointly and mutually with the defendant, and that the execution of the paper was not to deprive the plaintiff of her right to live in and occupy the premises during her mother's lifetime, the same as if the paper had not been executed. And it was further represented and agreed that the plaintiff should not be deprived of the property, nor of her claim therein, and after her mother had enjoyed the property during her lifetime it was then to belong to the plaintiff, the same as if the paper had never been executed, and that the plaintiff relied upon and believed all of said representations, promises, and agreements, and by the same was induced to give to her mother the quitclaim deed of the premises. The plaintiff further alleged that the promises, representations, and agreements were false, and were made by her mother with the purpose and intent to defraud her out of the possession and ownership of the property, and to wrongfully and fraudulently induce her to sign and execute the said paper, and were made with an intent to defraud her. It then alleged that the plaintiff had continued in the possession of said premises, that her mother had threatened to sell the same, had offered the same for sale, and was trying to sell them, and that all such attempts to sell and offers to sell the property were made in violation of the promises, representations, and agreements so made, and that her mother had conveyed the premises to said Baird, who had full knowledge of the facts, that the plaintiff had requested a reconveyance of the property to her by the defendant and said Baird, which was denied, and asked judgment that the deed to her mother is fraudulent and void, given without consideration, and with knowledge of the facts, and that the mother and said Baird be required to deliver to the plaintiff a reconveyance of the premises, and that she have such other and further relief as may be just, with costs.

When the plaintiff opened her case, the defendant moved for a dismissal of the complaint, upon the ground that it wholly fails to set forth any cause of action for fraud, or for any relief such as is asked for in the complaint, which motion was denied. No objection was made that any of the evidence was inadmissible under the pleadings. Every material fact necessary to enable the plaintiff to obtain judgment, to prevent the sale of the property in violation of the agreement between her and her mother, and to have their rights in such property determined, was alleged in the complaint and proven

upon the trial without objection. The plaintiff has been denied relief, apparently solely upon the ground that it was alleged in the complaint that the mother falsely made the promises, and made them with an intent and with the purpose of cheating and defrauding the plaintiff. I think too much attention was given to the conclusions in the complaint that the acts alleged to have been done were done fraudulently and with a fraudulent purpose. The trial of the case and the facts proved clearly entitle the plaintiff to some relief. There were no real false representations alleged in the complaint. All of the statements made by the mother were promissory in their nature and character, and the complaint alleged in fact promises and agreements, and the mistake in characterizing them as false and fraudulent representations does not deprive them of their real effect, and does not deprive the plaintiff of the benefit to which she is entitled upon the facts alleged.

It is said the facts were not fully developed upon the trial, as the defendant believed no cause of action was alleged or proven. Therefore we will not determine whether the action of the defendant Albro has been such that the plaintiff is entitled to a reconveyance of the property. We only hold that it was error to dismiss the complaint, and that upon the facts proven the plaintiff was entitled to relief. The property could not be transferred or used in violation of the agreement alleged and proved.

The judgment should therefore be reversed upon the law and the facts, and a new trial granted, with costs to the appellant to abide the event. All concur, except HOUGHTON, J., who dissents.